UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAIME DAVID VALLE,

                        Plaintiff,              **MEMORANDUM AND ORDER**

 - against -                              2:20-cv-1095 (DRH) (AKT)

GDT ENTERPRISES, INC., and GERARD
McCLOREY,

                        Defendants.
---------------------------------------------------------------X

**APPEARANCES**

**ATTORNEYS FOR PLAINTIFF**
Helen Dalton & Associates, PC
69-12 Austin St.
Forest Hills, NY 11375
By:   Roman Avshalumov, Esq.

**ATTORNEY FOR DEFENDANTS**
Aaron M. Goldsmith Esq.
225 Broadway, Suite 715
New York, NY 10007

**HURLEY, Senior District Judge:**

## INTRODUCTION

      Plaintiff Jaime David Valle ("Plaintiff") commenced this action on February 27, 2020, on behalf of himself and all others similarly situated against Defendants GDT Enterprises, Inc. and Gerard McClorey (together, "Defendants"), alleging they failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl. [DE 1]). Presently before the Court is Defendants' motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mem. [DE 19]). For the reasons set forth below, Defendants' motion is DENIED.

## BACKGROUND

The following facts from the Complaint are taken as true for the purposes of this Order.

Plaintiff worked as a "food preparer, dishwasher, and kitchen worker" between October 2016 and January 2018 at Crown Steakhouse in Bellmore, New York. (Compl. ¶¶ 8–9, 19–20). Crown Steakhouse is the business name of Defendant GDT Enterprises, Inc., which Defendant Gerard McClorey owns or operates. (*Id.* ¶¶ 9–11). Plaintiff alleges that he worked sixty or more hours-per-week without compensation at the time-and-a-half rate required for each hour worked in excess of the forty-hour-per-week mark. (*Id.* ¶¶ 22–23). Plaintiff alleges Defendants treated other employees in the same manner. (*Id.* ¶¶ 27–38).

In February 2019, Plaintiff brought an identical action against Defendants, which the Honorable Sandra J. Feuerstein dismissed without prejudice for insufficient service of process. (*See Valle v. GDT Enters., Inc.*, 2020 WL 435295 (E.D.N.Y. Jan. 28, 2020)). Plaintiff filed the Complaint in this action on February 27, 2020.

Defendants move to dismiss this action on July 15, 2020 on two bases: (i) insufficient service process and (ii) lack of standing. (Defs.' Mem. at 4, 5).[1] On July 31, 2020, Magistrate Judge A. Kathleen Tomlinson so-ordered a stipulation whereby Defendants accepted service and withdrew "any arguments regarding

---

[1]     Defendants' opening memorandum lacks page numbers; the Court's page citations refer to the page numbers in the red docketing header.

improper or invalid service of process." (Stipulation and Order Waiving Defenses as to Service of the Complaint [DE 14]). Accordingly, the Court does not address service of process.

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully.   Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007).  Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

To survive a motion to dismiss his FLSA and NYLL overtime claims, Plaintiff "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 113–24 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)).  Plaintiff has done so here.  He "regularly worked approximately sixty (60) or more hours per week" between October 2016 and January 2018 – and yet was not paid at the time-and-half overtime rate for hours in excess of forty per week.  Compl. ¶¶ 22–23.  Further "nudg[ing]" his claim "from conceivable to plausible," *Twombly*, 550 U.S. at 570, Plaintiff specifically pleads his pay rate during the years 2016, 2017, and 2018, Compl. ¶ 21.  "The Second Circuit has specifically recognized that . . . a plaintiff is not required to keep perfect time records or to plead its hours worked with

'mathematical precision.'" *Neil v. Sidney W. Barbanel Consulting Engineer* LLC, 2014 WL 3907909, at *3 (E.D.N.Y. Aug. 11, 2014) (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). Instead, all the Second Circuit asks is that plaintiffs draw on their "memory and experience" in so pleading. *Dejesus*, 726 F.3d at 90. Plaintiff sufficiently does so here, and his allegations pass muster under Federal Rule of Civil Procedure 12(b)(6).

Defendants focus their briefing on Plaintiff's standing. But even construing their argument under its "proper procedural route"—a Federal Rule of Civil Procedure 12(b)(1) motion,[2] *Alliance for Environ. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006)—Defendants' motion is denied.

Defendants aver they "searched all employment records for the relevant period of time and found no employee that matches the identity listed of Plaintiff," Jaime David Valle. Defs.' Mem. at 19. Plaintiff asserts that Defendants' records reflect "an individual named 'Jamie Guillen' as having been paid by Defendants" and that

---

[2]  **Error! Main Document Only.**A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 F. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

"Jamie Guillen" is his alias.  Pl. Opp. at 6–7 [DE 20].[3]  In support, Plaintiff attaches to his opposition brief a copy of a paystub made out to Jamie Guillen.  Ex. B to Pl. Opp.  On reply, Defendant insists, "Plaintiff fails to provide evidence nor even 'plausible' explanation as to the unequivocal distinction between the identity of Plaintiff and the identities of individual employees of" Defendants.  Aff. in Reply ¶ 8 [DE 21].[4]  Defendants make no mention of "Jamie Guillen."  *See id.*

The address listed in the Complaint for Jaime David Valle matches that on Jamie Guillen's paystub.  *Compare* Compl. ¶ 8, *with* Ex. B to Pl. Opp.; *see also Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings.").  Based on the Complaint and the paystub, Plaintiff sufficiently demonstrated "Article III standing—that [he] was an hourly employee who worked overtime for which [he] did not receive overtime wages."  *Shafir v. Continuum Health Partners, Inc.*, 57 F. Supp. 3d 325, 327 (S.D.N.Y. 2014).  At this stage of the proceedings, the Court will not dismiss Plaintiff for lack of standing.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is DENIED. Plaintiff's opposition brief admits an intention to amend the Complaint to identify his

---

[3]    Plaintiff states that "Defendants raised this issue in the previous case . . . and were already given notice that the Plaintiff was known by Jamie Guillen."  Pl. Opp. at 7.  Plaintiff offers no explanation why he nevertheless re-filed suit solely in the name of "Jaime David Valle" without mention of  his alias, *i.e.*, in the form of his proposed amended caption: "Jaime David Valle a/k/a Jamie Guillen."

[4]    Defendants did not submit a brief in reply; instead, their counsel submitted an Affirmation in Reply.  [DE 21].

alias in the caption.  Pl. Opp. at 7–8.  Unless Defendants stipulate to the amendment,

Plaintiff shall move for leave to amend within fourteen (14) days.


**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
      April 13, 2021                              Denis R. Hurley
                                            United States District Judge