

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 15, 2022

**Via ECF**
The Honorable Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11715

Re: **Valle v. GDT Enterprises, Inc.**
   **20-CV-1095 (DRH)(SIL)**

Dear Judge Locke:

Our office represents Jaime David Valle ("Plaintiff" or "Valle") and we submit this motion jointly with counsel for GDT Enterprises, Inc. and Gerald McClorey (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation on August 16, 2021 and continued negotiations through the Court-approved mediator.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I.     The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a. The Settlement Amount

The parties agreed to resolve this matter for the amount of $15,000.00 payable to the Plaintiff, inclusive of attorneys' fees. The settlement will be paid within 30 days of Court approval of the Settlement Agreement.

#### b. Plaintiff's Position

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that

he was not paid proper overtime wages when he was required to work in excess of 40 hours per workweek.

Plaintiff alleged that he was employed by Defendants at GDT Enterprises, Inc. d/b/a Crown Steakhouse, located at 106 Bedform Avenue, Bellmore, New York 11710 from in or around October 2016 until in or around January 2018. During his employment, Plaintiff was employed a food preparer and dishwasher. Plaintiff alleged that he was regularly required to work up to 60 hours per week but was not compensated at time-and-a-half for all of his overtime hours and that he was either paid straight time for some hours or overtime or not compensated at all for some of his overtime work. Plaintiff also alleged that he did not receive proper wage notices and wage statements in compliance with NYLL §195.

In advance of the mediation, Defendants provided time and pay records that indicated Plaintiff was paid a regular hourly rate for his first 40 hours of pay and time-and-a-half his regular hourly rate of pay for a number of overtime hours per week. However, Plaintiff disputed the actual number of hours worked, estimating that he worked approximately 5-10 hours of overtime not captured in the records provided. Based on our analysis of the records, we believed Plaintiff was owed approximately $10,000.00 in unpaid wages, in addition to liquidated damages and the above statutory penalties.

Although Plaintiff believed that he could recover on all of the above, Plaintiff preferred a guaranteed payment through a Court-approved settlement. Plaintiff understood the risks of continued litigation and the possibility of not recovering at trial if the Defendants' records were accepted as complete and accurate. As such, Plaintiff believes this is a fair and reasonable settlement amount.

    c. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $15,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted and and the records maintained by Defendants. Moreover, the settlement was only reached following a Court-annexed mediation session and continued negotiations between experienced counsel with the assistance of the mediator. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff and the dates of Plaintiff's employment, but

both sides made compromises on their positions in order to achieve a fair and reasonable settlement. Additionally, the settlement amount allows Plaintiff to recover nearly all of his alleged unpaid wages – a figure strongly contested by Defendants.

## II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.    Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses

### a.   Distribution to the Plaintiff

The parties agreed to a global settlement of $15,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $9,212.00, after requested attorneys' fees and reimbursement of expenses.

### b.   Plaintiff's Counsel's Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,182.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $482.00
- the costs of the Court-annexed mediation: $300.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($13,818.00), or $4,606.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $5,788.00.

**Settlement Amount:** $15,000.00
**Attorneys' Expenses:** $1,182.00
**Settlement less Expenses:** $13,818.00 ($15,000.00 - $1,182.00)
**Requested Attorneys' Fees:** $4,606.00 ($13,818.00 / 3)
**Total payable to Attorneys:** $5,788.00 ($4,606.00 + $1,182.00)
**Total payable to Plaintiff:** $9,212.00 ($15,000.00 - $5,788.00)

Our office and the Plaintiff have a retainer agreement that is reduced to writing and is signed by the Plaintiff. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel and the recovery secured through their efforts. Plaintiff's counsel has advocated for their client throughout the negotiation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

## IV. <u>Closing</u>

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations through a Court-approved mediator and the terms of the Settlement Agreement comport with Second Circuit case law. Both parties were represented by experienced and competent counsel who specialize in this area of law and the early settlement allows both sides to avoid the anticipated costs and burdens of protracted litigation. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.